IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAREN HASMUKHBHAI PATEL, | No. CIV S-11-3245-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| RANDY GROUND, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court are petitioner's petition (Doc. 1) and petitioner's response (Doc. 8) to the court's order to show cause.

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief because the current petition is second or successive of a prior petition decided on the merits. On December 23, 2011, the court directed petitioner to show cause why this action should not be summarily dismissed.

///

1

1  In the order to show cause, the court stated:

2  Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition potentially permissible under § 2244(b)(2) can be filed, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

A second petition can only be successive of a prior petition which has been decided on the merits. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). Where a prior petition has been dismissed without prejudice for failure to exhaust state court remedies, the dismissal does not result in an adjudication on the merits and a habeas petition filed in the district court after the initial petition was dismissed is not second or successive. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000). Neither the United States Supreme Court nor the Ninth Circuit has decided whether a dismissal on statute of limitations grounds constitutes an adjudication on the merits. The Second Circuit has concluded that such a dismissal is a merits determination. See Murray v. Greiner, 394 F.3d 78, 81 (2nd Cir. 2005). While not directly answering the question, the United States Supreme Court cited the Murray decision favorably in Gonzalez v. Crosby, 545 U.S. 524, 533 n.6 (2005). Other courts have followed Murray. See Mullins v. Horel, 2008 WL 3244341 (E.D. Cal. 2008); Richards v. Horel, 2006 U.S. Dist. LEXIS 79443 (E.D. Cal. 2006). This court agrees with the Murray conclusion. In particular, a dismissal without prejudice for lack of exhaustion, which holds open the possibility of a future merits adjudication, is distinguishable from a timeliness dismissal, which is with prejudice to returning to federal court. Cf. Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (citing Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir. 1990), and stating that the denial of a petition on procedural default grounds is a determination that the claims will not be considered by the federal court).

In this case, petitioner's petition is second or successive of a prior petition, Patel v. Swarthout, CIV-S-09-2923-MCE-CMK, which was adjudicated on February 1, 2011. That petition was denied because petitioner procedurally defaulted in state court and the two claims raised in the petition were barred on federal habeas review. Applying the principles above, the court concludes that the instant petition must be dismissed under 28 U.S.C. § 2244(b)(1) because petitioner is raising the same claims which were decided in the prior petition.

26 / / /

In his response to the order to show cause, petitioner asserts that the court erred in denying the claims raised in the prior case as procedurally barred. Given that petitioner has appealed the denial of the claims in the prior case, this question is one for the Ninth Circuit Court of Appeals to decide. In any event, the fact remains that the prior case was denied on the merits and the instant petition raises the same claims. Thus, the current petition must be dismissed. See 28 U.S.C. § 2244(b)(1). Petitioner is in no way prejudiced by the dismissal of the current second petition because, should the Ninth Circuit ultimately disagree with the court's denial of the claims raised in the prior petition, petitioner's claims can be litigated in the context of that action on remand.

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 11, 2012

/s/ Craig M. Kellison
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE