1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  PAREN HASMUKHBHAI PATEL,            No. CIV S-11-3245-MCE-CMK-P

12              Petitioner,

13      vs.                              AMENDED FINDINGS AND
                                         RECOMMENDATIONS
14  RANDY GROUND,

15              Respondent.

16  _____/

17          Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18  habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's petition

19  (Doc. 1).  These findings and recommendations amend the findings and recommendations issued

20  on January 12, 2012.

21          Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary

22  dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any

23  exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the

24  instant case, it is plain that petitioner is not entitled to federal habeas relief at this time because

25  the current petition is second or successive of a prior petition decided on the merits.

26  / / /

1           Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive

2    habeas corpus application . . . that was presented in a prior application shall be dismissed."

3    Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . .

4    that was not presented in a prior application shall be dismissed. . . ." unless one of two

5    circumstances exist.  Either the newly raised claim must rely on a new rule of constitutional law,

6    or the factual predicate of the new claim could not have been discovered earlier through the

7    exercise of due diligence and the new claim, if proven, establishes actual innocence.  See id.

8    Before a second or successive petition potentially permissible under § 2244(b)(2) can be filed,

9    the petitioner must first obtain leave of the Court of Appeals.  See 28 U.S.C. § 2244(b)(3).  In the

10   absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to

11   consider a second or successive petition and must dismiss it.  See Cooper v. Calderon, 274 F.3d

12   1270 (9th Cir. 2001) (per curiam).

13          A second petition can only be successive of a prior petition which has been

14   decided on the merits.  Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).  Where a prior

15   petition has been dismissed without prejudice for failure to exhaust state court remedies, the

16   dismissal does not result in an adjudication on the merits and a habeas petition filed in the district

17   court after the initial petition was dismissed is not second or successive.  See Slack v. McDaniel,

18   529 U.S. 473, 485-86 (2000).  Neither the United States Supreme Court nor the Ninth Circuit has

19   decided whether a dismissal on statute of limitations grounds constitutes an adjudication on the

20   merits.  The Second Circuit has concluded that such a dismissal is a merits determination.  See

21   Murray v. Greiner, 394 F.3d 78, 81 (2nd Cir. 2005).  While not directly answering the question,

22   the United States Supreme Court cited the Murray decision favorably in Gonzalez v. Crosby, 545

23   U.S. 524, 533 n.6 (2005).  Other courts have followed Murray.  See Mullins v. Horel, 2008 WL

24   3244341 (E.D. Cal. 2008); Richards v. Horel, 2006 U.S. Dist. LEXIS 79443 (E.D. Cal. 2006).

25   This court agrees with the Murray conclusion.  In particular, a dismissal without prejudice for

26   lack of exhaustion, which holds open the possibility of a future merits adjudication, is

2

1   distinguishable from a timeliness dismissal, which is with prejudice to returning to federal court.

2   Cf. Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (citing Howard v. Lewis, 905

3   F.2d 1318, 1322-23 (9th Cir. 1990), and stating that the denial of a petition on procedural default

4   grounds is a determination that the claims will not be considered by the federal court).

5             In this case, petitioner's petition is second or successive of a prior petition, Patel

6   v. Swarthout, CIV-S-09-2923-MCE-CMK, which was adjudicated on February 1, 2011.

7   Petitioner claimed that his trial was unfair because: (1) he was not allowed to present evidence of

8   the victim's parole/custody status; and (2) he was limited in his ability to present evidence of the

9   victim's prior bad acts.  That petition was denied because petitioner procedurally defaulted both

10  claims in state court and, therefore, the claims were barred on federal habeas review.  In the

11  current petition, petitioner argues that: (1) his trial was unfair because he was limited in his

12  ability to present evidence of the victim's prior bad acts; and (2) his sentence was unfair because

13  an upper-term sentence was imposed based on facts found by the judge and not the jury.

14            Applying the principles above, the court concludes that the instant petition

15  must be dismissed.  The first claim raised in the current petition must be dismissed under 28

16  U.S.C. § 2244(b)(1) because the same claim was decided on the merits in the prior petition.  The

17  second claim raised in the current petition must be dismissed under 28 U.S.C. § 2244(b)(2)

18  because, while the claim was not previously adjudicated on the merits, petitioner has not

19  obtained prior approval from the Ninth Circuit Court of Appeals to present this claim in a new

20  habeas petition.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

1    Based on the foregoing, the undersigned recommends that this action be

2  dismissed.

3    These amended findings and recommendations are submitted to the United States

4  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

5  14 days after being served with these findings and recommendations, any party may file written

6  objections with the court.  Responses to objections shall be filed within 14 days after service of

7  objections.  Failure to file objections within the specified time may waive the right to appeal.

8  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10  DATED:  January 17, 2012

11

12                                           CRAIG M. KELLISON
                                             UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26